UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

_____

PATRICIA WALTERS,
formerly, Patricia Nahs,

        Plaintiff,                              No. _____

v.                                                 Hon. _____
                                                   United States District Judge

MIDLAND FUNDING, LLC,
STILLMAN LAW OFFICE, (a/k/a Law Offices
of Michael R. Stillman, P.C.); and,
MICHAEL R. STILLMAN,

        Defendants.

_____/

**COMPLAINT** and **JURY DEMAND**

**I.    Introduction**

    1.    Plaintiff brings this Complaint against the Defendants, debt collectors Midland Funding, LLC, Stillman Law Office (a/k/a Law Offices of Michael R. Stillman, P.C.), and Michael R. Stillman seeking damages to redress the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, or unfair practices, and the Michigan Collection Practices Act ("MCPA"), M.C.L. §445.251, *et seq.*

1

**II.     Jurisdiction and Venue**

2. This Court has jurisdiction according to 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331 and 1337.

3. This Court has supplemental jurisdiction regarding Plaintiff's state law claims according to 28 U.S.C. §1367.

4. Venue is appropriate in this judicial district for the reasons that the Defendants transact business here, the pertinent events took place here, and the Plaintiff resides here.

**III.    Parties**

5. Plaintiff Patricia Walters, (formerly Patricia Nahs, and hereafter "Walters") is a natural person residing in Newaygo County, Michigan. Ms. Walters is a "consumer" and "person" as those terms are defined and used in the FDCPA. Ms. Walters is a "consumer", "debtor" and "person" as the terms are defined and used in the MCPA.

6. Defendant Midland Funding, LLC, (hereafter "Midland") is a Delaware limited liability company with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, California, 92123. The registered agent for Midland in Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbott Road, East Lansing, Michigan, 48823. Midland is engaged in the business of purchasing and collecting defaulted and charged-off consumer debts. Midland uses the mails and interstate commerce in its business, the principal purpose of which is the collection of debt and its activities affect interstate commerce. Midland regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

Midland is a "debt collector" as the term is defined and used in the FDCPA.  Midland is a "regulated person" as the term is defined and used in the MCPA.

7.      Defendant Stillman Law Office is also known as the Law Offices of Michael R. Stillman, P.C., and is a Michigan professional service corporation.  The registered agent for Stillman Law Office - Law Offices of Michael R. Stillman, P.C., is Michael R. Stillman, 30057 Orchard Lake Road, Suite 200, Farmington Hills, Michigan 48334, where it purportedly does business.  Stillman Law Office is a law firm whose primary business is debt collection.  Stillman Law Office is owned and managed by Defendant Michael R. Stillman.  Stillman Law Office regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and uses the mails and interstate commerce in its activities, thus affecting interstate commerce.  Stillman Law Office is a "debt collector" as the term is defined and used in the FDCPA.  Stillman Law Office is a "regulated person" as the term is defined and used in the MCPA.

8.      Defendant Michael R. Stillman is an individual purportedly residing in Michigan.  Defendant Michael R. Stillman is licensed (No. P-42765) by the State Bar of Michigan to practice law in Michigan.  Defendant Michael R. Stillman is a member, manager and owner of Defendant Stillman Law Office.  Defendant Michael R. Stillman regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and uses the mails and interstate commerce in such activities and his activities thus affect interstate commerce.  Defendant Michael R. Stillman is a "debt collector" as the term is defined and used in the FDCPA.  Defendant Michael R. Stillman is a "regulated person" as the term is defined and used in the MCPA.

**IV.     Facts**

9.     Plaintiff, Patricia Walters, had a credit account with HSBC Bank, Nevada, N.A. (hereafter "HSBC") that she used to purchase goods and/or services for personal, family and household purposes.

10.    Any resulting obligation of Ms. Walters to pay money on the foregoing account was a "debt" as the term is defined and used in the FDCPA and MCPA.

11.    The foregoing account went into default.

12.    HSBC charged off the account and sold the account to Midland.

13.    Midland took an assignment of the account.

14.    Midland placed Ms. Walters's account with Defendants Stillman Law Office and Michael R. Stillman for collection.

15.    On July 3, 2014, Defendants Stillman Law Office and Michael R. Stillman filed a debt collection lawsuit for and on behalf of Midland and against Ms. Walters in the State of Michigan, 78th Judicial District Court - Newaygo County, titled *Midland Funding LLC Assignee of HSBC BANK NEVADA, N.A. vs. PATRICIA NAHS,* File No. 2014-980-GC.

16.    That a true and accurate copy of the Summons and Complaint, along with the attachments that were filed with the Complaint in the foregoing lawsuit, are attached to this Complaint as Exhibit A.

17.    That on July 26, 2014, Defendants caused to be personally served upon Ms. Walters the foregoing Summons and Complaint along with the attachments

18.    That in the State of Michigan, the filing of an action to collect the foregoing delinquent account by the Defendants must occur within a six year statute of limitation, M.C.L. §600.5807(8).

19.     That at the time that Defendants filed the above action, the account was more than six years old, running from the last payment or last charge on the account.

20.     That the last charge on the account was more than six years before the filing of the debt collection lawsuit.

21.     That the last payment on the account by the Plaintiff was more than six years before the filing of the debt collection lawsuit.

22.     That Ms. Walters hired an attorney to defend her against Defendants time-barred lawsuit.

23.     That those dates and the conclusion that the account was time-barred from judicial collection are reflected on Exhibit B - information *directly furnished* from Defendants to the attorney defending Ms. Walters in the time-barred debt collection lawsuit referred to above.

24.     That Ms. Walters incurred attorney fees and costs in defending against the time-barred lawsuit.

25.     That Defendants persisted in the prosecution of the foregoing lawsuit until its dismissal on or about September 19, 2014.

26.     That a copy of that Dismissal is attached hereto as Exhibit C.

27.     That Defendant Midland often engages in the habit, routine and practice of pursuing the collection of accounts it has purchased where that debt is, as alleged above, outside the appropriate statute of limitation and its collection is time-barred.

28.     That Defendant Midland's habit, routine and practice in pursuing the collection of time-barred debt involves, on numerous occasions, the filing of lawsuits against consumers as is alleged in this matter.

29. That Defendant Midland was aware for a significant period of time prior to the filing of the above Newaygo District Court action that filing actions that asserted obligations that are time-barred are a violation of the FDCPA and various state collection practices acts as alleged in this matter.

30. That attached hereto, made a part hereof and labeled Exhibit D is an Assurance of Discontinuance between the State of New York, Bureau of Consumer Frauds and Protection and Encore Capital Group, Inc. (ECG), in which debt collector subsidiaries of ECG, *including Defendant Midland Funding LLC*, acknowledged the illegality of pursuing through judicial means time-barred debt such as is alleged in this matter.

31. That according to the factual assertions contained in the Assurance of Discontinuance, as early as May 2009, ECG and its subsidiaries, *among them, Defendant Midland Funding LLC,* have been aware of the importance of avoiding the attempted collection of time-barred debt through judicial means as alleged to have occurred in this case.

32. That when the Defendants filed their lawsuit against Ms. Walters in State court, they attached to their Complaint a document titled "Pre-Legal Notification" that indicated that the Current Balance of the Debt alleged in that action was $7370.77 and a Statement that indicated that the "Current Owner" of the debt was Defendant Midland and that the Current Balance on the Account was $7370.77, including that accrued interest had been charged on the account in the amount of $525.73.

33. That the Defendants had no authority to collect interest on the account; the account had been charged off by the original creditor and there existed no other basis for the charging of interest.

34.     That the "Pre-Legal Notification" and Statement contained a materially false, misleading and deceptive representation of the amount owed to the Defendant Midland, because in their Complaint the Defendants claimed that there was currently owing the amount of $6845.04 on the account, an amount differing from the $7370.77 indicated on the attachments, and the Defendants asked for the $6845.04, "plus post-filing interest, costs, and any sundry costs and/or attorneys' fees allowable by statute or court rule" measured by the application of a "least sophisticated consumer" standard.

35.     That the "Pre-Legal Notification" and Statement contained a materially false, misleading or deceptive representation of the amount owed to the Defendant Midland, because in the Complaint, the Defendants claimed that there was an interest rate of five (5%) percent to be charged to the account, without reference to or from where that rate was chosen or any valid basis for claiming it.

## V. Fair Debt Collection Practices Act Violations

36.     The Fair Debt Collection Practices Act is a consumer protection statute that imposes open-ended prohibitions on false, deceptive, or unfair debt collection practices.

37.     The FDCPA states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. §1692e.

38.      The FDCPA states that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt.  15 U.S.C. §1692e(2)(A).

39.     The FDCPA states that it is unlawful for a debt collector to communicate

to any person credit information which is known or which should be known to be false. 15 U.S.C. §1692(e)(8).

40. The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt.  15 U.S.C. 1692e(10).

41. The FDCPA states that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. 1692f(1).

42. The Defendants violated the FDCPA as set forth above.

43. The described acts and omissions of the Defendants were done intentionally and willfully in connection with efforts to collect an alleged debt from the Plaintiff.

44. The Defendants intentionally and willfully violated the FDCPA.

45. As a direct and proximate result of the Defendants' conduct, the Plaintiff suffered actual damages, including anxiety, distress, upset, embarrassment and sustained consequential damages, including legal fees, expenses and costs.

## VI.  Michigan Collection Practices Act Violations

46. Plaintiff incorporates by reference the aforementioned allegations as if fully set forth herein.

47. The Defendants violated M.C.L. §445.252(a) by communicating with the Plaintiff and filing a complaint on a time-barred debt whose collection was barred by the applicable statute of limitation.

48. The Defendants violated the foregoing statute by misrepresenting the amount owed by the Plaintiff through the inclusion of interest to which they were not entitled.

49. The foregoing two paragraphs constitute a violation of M.C.L. §445.252(e).

50. The Defendants violated M.C.L. §445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by their agents and/or employees.

51. The Defendants violated M.C.L. 445.252(f) by misrepresenting in a communication with a debtor the legal status of a legal action taken or the legal rights of the creditor or debtor.

52. Plaintiff suffered damages as a result of these violations of the MCPA.

53. These violations of the MCPA were willful, and as a result, the Plaintiff is entitled to actual damages above $50.00, statutory damages up to $150.00, and reasonable attorney fees and court costs pursuant to M.C.L. §445.257.

**WHEREFORE,** the Plaintiff respectfully requests the following:

### Violation of Fair Debt Collection Practices Act

(A)   Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

(B)   Statutory damages pursuant to 15 U.S.C. §1692k;

(C)   Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and,

(D)   Such other and further relief as appropriate.

### Violation of Michigan Collection Practices Act

(A)   Damages pursuant to M.C.L. §445.257;

(B)   Treble the actual damages pursuant to M.C.L. §445.257(2); and,

9

(C) Reasonable costs and attorney fees pursuant to M.C.L. §445.257(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: July 2, 2015

/s/ Anthony J. Valentine
Anthony J. Valentine
Attorney at Law
Attorney for Plaintiff
Ste. 227, 29 Pearl Street, N.W.
Grand Rapids, MI 49503
(616) 288-5410
*tonyvalentinelaw@gmail.com*